IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) No. 2:05-cr-0158 |
| v. | ) |
| | ) Judge Thomas M. Hardiman |
| MICHAEL COATES, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

On February 15, 2006, the Court held an evidentiary hearing on the motion to suppress filed by Defendant Michael Coates (Coates).  On March 13, 2006, Coates filed a document captioned "Motion to Open/Supplement the Record of Suppression Hearing" (Motion), which Motion included a video "re-enactment" of the events precipitating Coates' arrest, and the report of Barry Fox (Fox Report).  (Doc. 31).  The United States of America filed a document captioned "Response to the Motion to Open Record" (Response) on April 3, 2006.  (Doc. 35).

The decision whether to re-open the record after an evidentiary hearing is discretionary. *See Zenith Radio Corp. v. Hazeltine Research,* 401 U.S. 321, 331 (1971); *see also United States v. Vastola*, 915 F.2d 865, 876 (3d Cir. 1990).  As a general matter, "courts should be extremely reluctant to grant re-openings." *United States v. Kithcart*, 218 F.3d 213, 219 (3d Cir. 2000) (emphasis added) (citation omitted).  "The party moving to reopen should provide a reasonable explanation for failure to present the evidence [initially]." *Id.* at 220.

After reviewing the Motion, including the video and the Fox Report, the Court finds that the so-called "re-enactment" evidence Coates has offered is irrelevant. At the outset, the Court observes that Coates has not articulated a legitimate justification for his delay in bringing forth this "evidence." *See Kithcart*, 218 F.3d at 219; *see also Skehan v. Bd. of Trs. of Bloomsburg State Coll.,* 590 F.2d 470, 477-80 (3d Cir. 1978) (holding that the hearing court properly denied a motion for further testimony after hearings where it did not hinder the movant from offering its proof earlier). Although Coates claims to have had "no way to anticipate" what Officer Redpath's testimony would be regarding his view of the "blunt," (*see* Motion at 2), Coates does not dispute the Government's contention that he had access to the full written arrest report and to the transcript of the officer's testimony at the state court preliminary hearing, both of which documented Officer Redpath's observations at length. (*See* Response at 6-7).

Even if the Court were to re-open the record, it would find that Coates' re-enactment evidence is irrelevant. Upon review of the video, the Court finds that the scenario presented in the re-enactment differs significantly from the events that transpired on the night in question and was based on Mr. Coates' out-of-court testimony as to what occurred. The Fox Report suffers from the same deficiencies and is thus irrelevant as well.

District courts act within their discretion when they refuse to re-open proceedings to hear irrelevant evidence. *See, e.g., Jones v. Sullivan,* 954 F.2d 125, 128 (3d Cir. 1991) (rejecting a disability claimant's contention that new evidence required re-opening of the record, where, "[a]fter careful consideration of this evidence, we find it to be immaterial."). On this basis, and

upon consideration of the Response filed by the United States of America, it is hereby

ORDERED this 27th day of October, 2006, Defendant's Motion (Doc. No. 31) is DENIED.

BY THE COURT:

s/ *Thomas M. Hardiman*

Thomas M. Hardiman
United States District Judge